UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

UNITED STATES OF AMERICA


      - against -                       CR-05-104(NG)

SHAHAWAR MATIN SIRAJ,

           Defendant.

----------------------------------------------------------------x



## MEMORANDUM OF LAW IN SUPPORT OF CONDITIONS OF CONFINEMENT MOTION



                                 MARTIN R. STOLAR
                                 Attorney for Defendant
                                 351 Broadway, 4th Floor
                                 New York, New York 10013
                                 212-219-1919


                                 KHURRUM WAHID
                                 Attorney for Defendant

PRELIMINARY STATEMENT

The factual background in the Affirmation of Martin R. Stolar dated July 22nd 2005 is hereby incorporated by reference.

LEGAL OVERVIEW

As "pre-trial detention is an administrative procedure designed to protect both society and [Mr. Siraj] before trial and to insure that he will be before the Court as needed, and because [Mr. Siraj] enjoys the presumption of innocence until his is proven guilty beyond a reasonable doubt, it may not be punitive." United States v. Reid, 214 F. Supp. 2d 84, 92 (D. Mass. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 533-37 (1979); Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) (noting that the Due Process Clause prohibits punishing individuals prior to a formal adjudication of guilty).

"Additionally, the strictures of pre-trial detention may not transgress other express constitutional guarantees afforded to the pre-trial detainee." Reid, 214 F. Supp. 2d at 92 (citing Bell, 441 U.S. at 536-37). "Most pertinent to this case, pre-trial strictures on a detainee cannot unduly burden [the defendant's] fundamental constitutional right to a vigorous defense by an independent attorney under the Sixth Amendment." Reid 214 F. Supp. 2d at 92.

A.THIS COURT HAS THE AUTHORITY TO SET THE TERMS AND
CONDITIONS OF CONFINEMENT

Mr. Siraj seeks relief from some of the particularly oppressive conditions of his confinement that interfere with his ability to defend himself. We note, however, at the outset that the Court has the authority to order temporary release of a person in custody if the

release is necessary for preparation of that person's defense.  18 U.S.C. § 3142(i) provides

in that subsection's final paragraph that, following an initial order of detention:

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary of preparation of the person's defense or for another compelling reason."

If the Court has the power to temporarily release Mr. Siraj altogether, if necessary, for

preparation of his defense, it can order relief from particularly onerous conditions of

confinement for that same reason.  Moreover, the Court has the power to issue any order

necessary or appropriate in aid of the exercise of its jurisdiction.  See 28 U.S.C. § 1651(a).

## B. THE SHU INTERFERES WITH MR. SIRAJ'S RIGHT TO PARTICIPATE IN THE PREPARATION OF HIS OWN DEFENSE

In order to participate in his own defense, Mr. Siraj, needs access to certain bare

essentials needed to assist his counsel.  Specifically the ability to retain his extensive

paperwork provided to him by counsel and the ability to review audio CD evidence on a

regular basis.

Specifically the SHU restrictions have prevented Mr. Siraj from reviewing evidence

and assisting with his defense.  He has been unable to phone call his attorneys for legal

discussions.  Mr. Siraj has been prevented from accessing the law library in order to

participate in his own defense.  Finally the pressure of the SHU's extreme confinement (no

fresh air, limited ability to access items for purchase through the commissary, and no

opportunity to speak to others beyond the one visit from family he is allowed each week)

have taken an emotional and psychological toll on Mr. Siraj.  Recently his mental condition

has effected his ability to focus on important discussions about the case when his attorneys visit him.

In this case there is a significant amount of audio and video recordings that must be reviewed and, in some cases, translated. The only person who can verify the accuracy of the statements on the recordings is Mr. Siraj who is unable to have regular access at reasonable hours to a machine that will play the audio recordings. It is patently unreasonable and unfair to limit Mr. Siraj's ability to prepare his own defense and of course violative of the Sixth Amendment. As the Supreme Court has stated:

> "Under the Due Process Clause of the Fourteenth Amendment, criminal prosecution must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense."

California v. Trombetta, 467 U.S. 479, 485 (1984); see Washington v. Texas, 388 U.S. 14, 19 (1967) (stating that "the right to present a defense . . . is a fundamental element of due process of law); United States v. Fernandez, 913 F.2d 148, 154 (4th Cir. 1990) (noting "the defendant's fundamental constitutional right to present a complete defense").

This right includes access to prosecution evidence, Trombetta, 467 U.S at 485 (stating that "to safeguard [the right to present a complete defense], the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence'") (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)), and, when such evidence is produced, the right to examine it. See United States v. Hung, 667 F.2d 1105, 1108 (4th Cir. 1981) (per curiam) (noting that "in the usual case when production is ordered, a client has the right to see and know what has been produced") (citing Geders v. United States, 425 U.S. 80 (1976); Faretta v. California, 422 U.S. 806 (1975)), cert. denied, 454

U.S. 1144 (1982); United States v. Bin Laden, No. S(7) 98 CR. 1023 LBS., 2001 WL 66393, at *4 (S.D.N.Y. 2001) ("It is clear that, usually, a defendant is permitted to review items which have been produced in discovery."); see also United States v. Guay, 108 F.3d 545, 552-53 (4th Cir. 1997) (finding error with district court's failure to allow opportunity for defendant and his counsel to examine document pertinent to motion for new trial).

As the Supreme Court has held, a criminal defendant has "the ultimate authority [and burden] to make certain fundamental decisions regarding the case . . . ." Jones v. Barnes, 463 U.S. 745, 751 (1983).  In making the fundamental decisions necessary to the exercise of his Sixth Amendment rights Mr. Siraj must be "fully informed".  See Taylor, 484 U.S. at 417-18 (noting that basic decision such as the ones above "cannot be waived without the fully informed and publicly acknowledged consent of the client").  Yet, for the reasons already stated, Mr. Siraj cannot be fully informed unless he has an opportunity to review and maintain a record of his discovery.  This means having access to a CD player, note pad, and writing tools during the majority of the day so that he can review the audio evidence.  Also having reasonable access to a video player with a pause feature in order to review the statements made in the video tapes.

### C.  THE SHU INTERFERES WITH MR. SIRAJ'S RIGHT TO SECURE AND EFFECTIVE COMMUNICATION WITH COUNSEL

Under the disguise of preventing further alleged conspiracies to commit terrorist actions, the SHU confinement has prevented the regular attorney/client relationship.

Mr. Siraj is denied being able to call his attorneys on an as needed basis.  Relief is needed to protect Mr. Siraj's Sixth Amendment rights.  All legal mail that enters the prison is first viewed by the jail then turned over to Mr. Siraj.  Further Mr. Siraj's cell is regularly

searched thus preventing him from protecting his legal material from the eyes of his jailers.

The government's access to the confidential attorney/client communications between Mr.

Siraj and his counsel (by a prison staff member) impermissibly impinges upon Mr. Siraj's

Sixth Amendment rights to effective assistance of counsel.  "The essence of the Sixth

Amendment right to effective assistance of counsel is…privacy of communication with

counsel."  United States v. Burgman, 655 F.2d 540, 546 (4th Cir. 1981).

### D. MR. SIRAJ'S LIBERTY INTERESTS HAVE BEEN NEGATIVELY EFFECTED BECAUSE THE SHU IS MEANT AS A PUNITIVE MEASURE FOR DISRUPTIVE INMATES AND NOT FOR PRE-TRIAL DETENTION

This Court must determine whether Mr. Siraj's year long stay in the SHU is truly for

administrative purposes or has it become punitive.  In the wake of Sandin v. Conner, 515

U.S. 472 (1995), the 2nd Circuit Court of Appeals has consistently reminded the district

courts that "[i]n order to determine whether a liberty interest has been affected, district courts

are required to examine the circumstances of a confinement and to identify with specificity

the facts upon which [their] conclusion[s] [are] based."  Wright v. Coughlin , 132 F.3d 133,

137 (2d Cir. 1998) (citing Sealey v. Giltner, 116 F.3d 47, 52 (2d Cir. 1997); Brooks v.

DiFasi, 112 F.3d 46, 49 (2d Cir. 1997); Miller v. Selsky, 111 F.3d 7, 9 (2d Cir. 1997)).

The almost one year in the SHU rises to the level of an atypical and significant

hardship thus giving rise to the constitutionally protected liberty interest for Mr. Siraj in

violation of his Due Process rights.

> "[O]ur Court issued an opinion in Welch v. Bartlett , 196 F.3d 389, 391 (2d
> Cir. 1999), reminding the district court of the proper inquiry it must
> undertake in determining whether SHU confinement can constitute such an
> "atypical and significant hardship" as to give rise to a constitutionally
> protected liberty interest under Sandin and remanding for further
> proceedings. In Welch, we found that, given the record before the district
> court, we could not affirm the district court's holding that a penalty of 90

days confinement in SHU did not implicate a constitutionally protected liberty interest. Welch at 5.

Kalwasinski v. Morse, 201 F.3d 103, 106 (2d Cir. 1999).    Mr. Siraj has clearly been punished for the past year due to the nature of the charges as there is no evidence of any other purpose for his confinement in the SHU.  Mr. Siraj had no criminal history beyond an arrest for a misdemeanor assault when he appeared at the MDC facility.  Further the jail has never formally had to admonish Mr. Siraj for any behavior problems since his arrival almost one year ago.

For the aforementioned reasons Mr. Siraj has been punished over the past year without being found guilty of and sentenced pursuant to any crime.

CONCLUSION

Mr. Siraj, by and through his counsel, requests that this Court grant his motion for an Order to provide him relief from his current conditions of confinement, more specifically, by directing that he:

1) be released from the SHU's confinement into the normal prison population;

2) have the right to retain materials from counsel, including CD-ROMs, without having them inspected, searched, or taken from him;

3) be given regular access to the law library so that he may assist with his own defense;

4) have telephone access to his attorneys

5) have the freedom from searches and/or seizures of his books, papers, and other defense related materials

6) any other relief that the Court may deem proper.

Submitted by,

_____

Martin R. Stolar,
Attorney for Defendant

Khurrum Wahid
Attorney for Defendant