

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address*:  *147 Pierrepont Street*
*Brooklyn, New York 11201*

May 4, 2006

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  **United States v. Shahawar Matin Siraj**
>      **Criminal Docket No.  05-104 (NG)**

Dear Judge Gershon:

    The New York City Police Department (the "NYPD") and the United States Attorney's Office for the Eastern District of New York (the "USAO") submit this joint application to request that the Court quash a subpoena served on the NYPD on May 1, 2006 by the defendant in this action (the "Subpoena"), demanding the production of various documents to the defendant's attorney, Martin R. Stolar, Esq. A copy of the Subpoena is attached as Exhibit "A."

    The Subpoena demands the production of five categories of documents as listed on the Rider to the Subpoena included as part of Exhibit "A."  The NYPD and the USAO object to producing all documents requested by the Subpoena.  The Subpoena exceeds the scope of trial document subpoenas authorized by the Federal Rules of Criminal Procedure, specifically Rule 17(c). In addition, compliance with the Subpoena is unreasonable and oppressive because the Subpoena improperly seeks: (i) materials other than admissible evidence; (ii) documents from an agent of the government that should be requested from the government under Rule 16; and (iii) statements excluded from subpoena by Rule 17(h) and 18 U.S.C. § 3500(a). Finally, the subpoena seeks documents about which this court has specifically ruled the defendant may not present evidence.

2

**Factual Background**

The Subpoena served on the NYPD Document Production Unit by defense counsel was issued by the Clerk's Office for this Court and is directed to the "Custodian of Records, New York Police Department, Intelligence Division." The Subpoena commands the Custodian of Records to appear in this court on May 4, 2006 and to produce the documents listed on a Rider attached to the Subpoena. A "Note" on the face of the subpoena states: "A court appearance may be avoided by delivering copies of the requested documents to the attorney named below," defense counsel in this action. The Rider to the Subpoena lists the following categories of documents that are to be delivered to court by the witness or delivered to defendant's attorney:

1. The original complaints in TIU investigations M23 and M4 dated April 18, 2003.
2. Any and all forms PD313-081B for the above listed investigation between April 18, 2003 and July 18, 2003.
3. Any and all forms PD313-081B for the above listed investigation between August 15, 2004 and August 27, 2004.
4. Any and all guidelines, regulations, orders and the like governing the use and/or conduct of confidential informants generally, in terrorism investigations and investigations of mosques, churches, synagogues or other religious institutions.
5. Any and all requests for investigations and approvals and/or denials for them in connection with the above listed investigations pursuant to regulations and guidelines in effect pursuant to <u>Handschu, et al. v. Special Service Division, et al.</u>, 71 Civ. 2203(CSH)(U.S. District Court, Southern District of New York)

No application was made to this Court for the issuance of the Subpoena.

**I.      The Subpoena Exceeds the Limits Authorized by Fed. R. Crim. P. 17(c)**

   A.   <u>The Subpoena Is Improper Because It Is Not Intended To Obtain Evidence For Use At Trial</u>

The Subpoena is governed by Federal Rule of Criminal Procedure 17(c), which provides for subpoenas for testimony and documents to be used as evidence at trial. A subpoena for documents under Rule 17(c) must satisfy the standard adopted by the Supreme Court in <u>United States v. Nixon</u>, 418 U.S. 683 (1974). According to <u>Nixon,</u> subpoenas issued under Rule 17 are required

to meet standards of relevance, admissibility and specificity: (1) the materials sought must be relevant and admissible as evidence; (2) not otherwise procurable by due diligence; (3) pre-trial production must be needed for trial preparation; and (4) sought in "good faith and [ ] not intended as a general 'fishing expedition.'"  Id. at 699-700 (1974) (applying test to determine whether subpoena for pre-trial production was proper) (quoting U.S. v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinstein, J.)); Bowman Dairy Co., 341 U.S. at 22 (materials sought to be inspected under Fed. R. Crim. P. 17(c) must be admissible as evidence at trial); see, e.g., Marchiso, 344 F.2d at 669 (materials sought must be relevant and admissible at the time sought for inspection); U.S. v. Louis, No. 04 Cr. 203 (LTS), 2005 U.S. Dist. LEXIS 1087, * 8 (Jan. 27, 2005 S.D.N.Y.) (quashing subpoenas issued to the Port Authority of New York and the Department of Homeland Security under Fed. R. Crim. P. 16 and 17); U.S. v. Reed, 726 F.2d 570, 577 (9th Cir. 1984) (court properly quashed subpoena for documents which would not have been admissible under the Federal Rules of Evidence); U.S. v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (purportedly "exculpatory" materials that were inadmissible hearsay and usable only for impeachment were not subject to discovery under a Fed. R. Crim. P. 17(c) subpoena); U.S. v. Gross, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Fed. R. Crim. P. 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to defendant's case").

       The categories of documents sought by defense counsel demonstrate that the subpoena is intended for a purpose other than the production of evidence at trial. Items 2-5 on the Subpoena Rider request "any and all" of each category of documents described. By definition, such a request does not specify admissible evidence as required by Rule 17.  The Subpoena thus constitutes nothing more than a "fishing expedition," as prohibited under the standards of Nixon. 418 U.S. at 700; Louis, 2005 U.S. Dist LEXIS at *16-17 (quoting Nixon) (subpoenas seeking "any and all" documents relevant to particular subjects does not meet specificity requirement); U.S. v. Chen De Yian, 94 Cr. 719 (DLC), 1995 U.S. Dist. LEXIS 15317, *6-7 (S.D.N.Y. Oct. 19, 1995) (subpoena to Sheriff's Dept. seeking "the entire investigative file" was a fishing expedition that was not permitted under Fed. R. Crim. P. 17(c)).

       To the extent that two specific documents are named, in Item 1 of the Subpoena Rider ("the original complaints in TIU investigations M24 and M4"), there has been no showing that these

4

documents are evidentiary or relevant to the trial.[1]  In fact, the documents, required by the Handschu guidelines, are merely compilations of hearsay statements of confidential investigative sources and other investigative work product that constitutes hearsay.  U.S. v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) (quashing Rule 17 subpoena seeking investigative documents from the NYPD containing hearsay statements and impeachment material) (copy attached as Exhibit B).

   B.   NYPD Reports are Barred From Subpoena Under Rule 16(a)(2) as Reports Generated by a Federal Government Agent

Rule 16 governs the disclosure of investigative documents by the government to criminal defendants and should govern the Subpoena issued here.  In the present case, the relationship between the NYPD investigations and the instant federal prosecution require that the documents be deemed files of the prosecution for the purposes of the Subpoena.

Some of the materials sought by the Subpoena, the documents listed in items 2 and 3, in particular, are investigative files and reports.  All discoverable documents from the investigative files have already been turned over to the defendant, pursuant to Rule 16.  As a result, any other investigative files and reports are barred from disclosure by Fed. R. Crim. P. 16(a)(2).

The fact that the files and reports were generated by the NYPD, rather than a federal law enforcement agency, does not change the analysis.  Where records of local law enforcement investigations are related to the federal prosecution, they are deemed federal government records for the purposes of the Federal Rules of Criminal Procedure.  "[I]n a federal prosecution based in part upon the investigative efforts of local or state law enforcement agents, Rule 16(a)(2) bars disclosure of reports generated by such agents; and it makes no difference whether the local or state agents generated their reports as part of an

---

[1] Indeed, in stating on its face that no court appearance by the evidence custodian is necessary, the Subpoena itself makes clear that defense counsel is utilizing the Subpoena for discovery of documents, a purpose not permissible under Fed. R. Crim. P. 17.  Were the defendant actually interested in introducing the documents identified in Item 1 of the rider, the subpoena would require the presence of a custodian as a witness through whom to authenticate and admit the documents.

5

independent investigation or during the course of a joint federal operation." U.S. v. Cherry, 876 F. Supp. 547, 551 (S.D.N.Y. 1995) (attached as Exhibit B); Chen De Yian, No. 94 Cr. 719 (DLC), 1995 U.S. Dist. Lexis 15317, * 2-3 (S.D.N.Y. Oct. 1995) (following Cherry with respect to Sheriff's Office investigation taken over by federal authorities); U.S. v. Beckford, 964 F. Supp. 1010, 1030 (E.D.Va. 1997) (defense subpoenas seeking documents from state law enforcement agencies officially involved in the federal investigation of the crimes on trial are impermissible); U.S. v. Duncan, 586 F. Supp. 1305, 1313 (W.D. Mich. 1984) (treating local police reports as protected from disclosure by Fed. R. Crim. P. 16(a)(2) where federal prosecution arose from arrest by Sheriff's Department); U.S. v. Johnson, Cr. No. 987-348-WF, 1988 U.S. Dist. LEXIS 3934, * 3-4 (D. Mass. April 12, 1988) (treating "police reports" as government investigative reports under Fed. R. Crim. P. 16).

    C.    The Subpoena Seeks Documents Excluded from Subpoena by Rule 17(h) and 18 U.S.C. § 3500

Many of the documents requested by the Subpoena, particularly the documents listed in items 2 and 3, contain statements by possible witnesses. Rule 17(h) and 18 U.S.C. § 3500(a) specifically exclude such statements from the reach of subpoenas. Fed. R. Crim. P. 17(h) (statements of witnesses or prospective witnesses may only be subpoenaed pursuant to Fed. R. Crim. P. 26.2 (stating that such statements must be produced only after witness has testified)); Louis, 2005 U.S. Dist LEXIS 1087 at ** 15-16 (applying Fed. R. Crim. P. 17(h) and 18 U.S.C. § 3500(a) to quash pre-trial subpoena).

**II.**    **The Subpoena Seeks Documents Relating to the Civil Handschu Case that the Court Ruled the Defense Could Not Attempt to Litigate in this Criminal Prosecution**

The documents requested by the Subpoena, particularly the documents identified in Items 1 and 5, are documents prepared and filed as a result of the ongoing civil litigation entitled Handschu, et al. v. Special Services Division, et al., 71 Civ. 2203 (CSH) (S.D.N.Y). With respect to Item 1, the "original complaints" refer to documents required by the NYPD's guidelines adopted in connection with the Handschu litigation. Moreover, in Item 5, the subpoena itself makes clear that the defendant is requesting documents required by the NYPD's "regulations and guidelines in effect pursuant to Handschu…" At trial yesterday, the Court ruled that the defendant would not be allowed to assert arguments in the criminal trial that relate to the civil

requirements imposed by <u>Handschu</u>, rendering <u>Handschu</u>-related documents irrelevant to the instant criminal prosecution.

**III.     The Documents Covered by the Subpoena Do Not Contain Brady or Giglio Material and Are Not Subject to Discovery under Rule 16**

The government has carefully reviewed the documents covered by the subpoena. None of those documents contain <u>Brady</u> or <u>Giglio</u> material. In addition, none of the documents are subject to discovery under Rule 16 of the Federal Rules of Criminal Procedure. As the Third Circuit has warned: "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed R. Crim. P. 16." <u>U.S. v. Cuthbertson</u>, 630 F.2d 139, 146 (3d Cir. 1980). In the instant case, the Court should not allow the defendant to circumvent Rule 16 by engaging in a "fishing expedition" aimed at uncovering documents relating to the <u>Handschu</u> civil litigation.

**Conclusion**

Accordingly, it is respectfully requested that the Subpoena be quashed.

Respectfully submitted,

| | |
|---|---|
| New York City Police Department | ROSLYNN R. MAUSKOPF |
| Legal Bureau | United States Attorney |
| | |
| _____ | By: _____ |
| Thomas P. Doepfner, Esq. | Todd Harrison |
| Assistant Deputy Commissioner | Marshall L. Miller |
| | Assistant U.S. Attorneys |

cc:   Martin R. Stolar, Esq. (by hand)