April 27, 2006

Hon. Nina Gershon
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: U.S. v. Shahawar Matin Siraj
        Cr-05-104 (NG)

Dear Judge Gershon:

  This letter is written to convey the defendant's concern over the potential testimony of the prosecution's witness, Bennie Kelly. The concern lies with the possibility that Mr. Kelly was functioning as a government agent when he and the defendant were together in the Special Housing Unit at MDC Brooklyn, and the potential violation of the defendant's Sixth Amendment right to counsel as articulated in Massiah v. United States, 377 U.S. 201 (1964).

  When Mr. Kelly was originally placed in the defendant's cell at the Special Housing Unit at MDC Brooklyn, he had a broken nose. His medical condition necessitated occasional trips to the infirmary during his first week. However, at some point during the first couple of weeks after Kelly arrived, a Bureau of Prison's guard entered the defendant and Kelly's cell. The guard proceeded to tell Mr. Kelly about the events surrounding the defendant's arrest, the substance of the charges against him, and that the case was being widely discussed in the media.

  Based on the foregoing facts, the defense is now requesting a list of the Bureau of Prison's guards who had contact with the defendant and Mr. Kelly during Mr. Kelly's first few weeks in the Special Housing Unit at MDC Brooklyn. Additionally, the defense would like a proffer of Mr. Kelly's testimony.

  The information requested above, will allow the defense to fulfill its burden in requesting a Massiah evidentiary hearing to determine if Mr. Kelly's testimony would violate the defendant's constitutional rights. (See, United States v. Miller, et al., 166 F. 3d 641, 665 (2d Cir. 1997). Stating, "the defendant bears the burden of alleging specific facts that indicate communication of privileged information to the prosecutor and

prejudice resulting therefrom" (citing <u>United States v. Aulicino</u>, 44 F. 3d 1102, 1117 (2d Cir. 1995)).

      The fact that Mr. Kelly was placed in the defendant's cell, that a federal law enforcement employee, the corrections officer, provided information to Mr. Kelly about the details of the defendant's case, and that Mr. Kelly obtained statements from the defendant and is now set to testify on behalf of the prosecution is a sufficient basis to warrant this request.

      Very truly yours,

      Martin R. Stolar

MRS/rw
cc: Todd Harrison, Esq.
    Shahawar Matin