**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**UNITED STATES OF AMERICA**

              -v-

**SHAHAWAR MATIN SIRAJ,**

              **Defendant.**
-------------------------------------------------------x

**OPINION AND ORDER**
**05-CR-104 (NG)**

**GERSHON, United States District Judge:**

On April 24, 2006, I granted the government's *in limine* motion, made by letter dated April 20, 2006, and opposed by a defense letter of the same date, to preclude the defense from cross-examining the confidential informant, Osama Eldawoody, on certain topics, specifically, his 1993 divorce and an extramarital affair. In addition, I denied the defense's request for more information regarding the witness's 1993 divorce proceedings. After my rulings, I indicated that I would put my reasons on the record at a later time, and I do so now.

To begin with, I found that, under the relevant case law, and the discretion afforded me by Rule 608 of the Federal Rules of Evidence, neither topic was probative of the witness's truthfulness or untruthfulness at the trial. I further found, applying Rules 611 and 403, that, even if the topics had any probative value, which in my view they did not, the prejudicial impact of such topics on the jury would clearly outweigh it. See, for example, *United States v. Gotti*, No. S8 02-CR-743, 2005 WL 1214321 (S.D.N.Y. May 19, 2005). *See also United States v. Ndiaye*, 434 F.3d 1270, 1289-90 (11th Cir. 2006). As Mueller & Kirkpatrick conclude, the Rule 608 cases are "on strong ground when they disapprove questions about sexual relationships . . . ." C. MUELLER & L. KIRKPATRICK, 3 FEDERAL EVIDENCE § 264, 165 (2d ed. 1994).

In light of the significance of the witness, I gave no weight to whether the witness would be embarrassed by the cross-examination. I was concerned only with assuring that the jury not be

inflamed by irrelevant matters.  I was also cognizant of the fact that the defense had numerous relevant avenues of cross-examination to pursue, and indeed the trial confirmed that the defense made ample use of these opportunities.  *See United States v. Scarpa*, 913 F.2d 993, 1018 (2d Cir. 1990).  Therefore, I concluded, and continue to conclude, that the limitations which I imposed did not remotely restrict the defendant's rights to confront the witness.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated:  September 25, 2006
        Brooklyn, New York